# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

GENORA WILSON                                                                  PLAINTIFF

v.                                              CIVIL ACTION NO. 2:17-CV-138-KS-MTP

FEDERAL EXPRESS CORP., et al.                                   DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave to File Amended Complaint [7], Motion to Remand [8] and Motion for Leave to File Affidavit and Proof of Residency of Bertha McCormick [26]. Having considered the parties' briefs, the record, and the applicable law, the Court finds that both the Motion for Leave to Amend and the Motion to Remand should be **denied** and that the Motion for Leave to File Affidavit should be **denied as moot**.

### I. BACKGROUND

Plaintiff, Genora Wilson, alleges that Defendant McCann, while driving a vehicle owned by Defendant Federal Express Corp. ("FedEx"), negligently rear-ended Plaintiff on July 6, 2015. Plaintiff is a resident of Mississippi. FedEx is incorporated in Delaware, with its principal place of business in Tennessee. While Plaintiff alleged that McCann is a resident of Mississippi in her Complaint, McCann avers that he is a resident of Ohio. Plaintiff filed suit on May 25, 2017 in the First Judicial District of Jasper County of Mississippi. Defendants removed on the basis of diversity jurisdiction. In their Answer [2], Defendants asserted that a third party, Bertha McCormick, was responsible for all of Plaintiff's damages, as McCormick allegedly swerved into Plaintiff's lane shortly before the accident. Plaintiff then moved to amend her Complaint to add McCormick as a defendant. Since McCormick is also a resident of Mississippi, Plaintiff also

moved to remand, arguing that diversity jurisdiction would no longer exist once McComick was added as a defendant.

## II. STANDARD OF REVIEW

"[F]ederal courts are courts of limited jurisdiction, having 'only the authority endowed by the Constitution and that conferred by Congress.'" *Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010) (quoting *Epps v. Bexas-Medina-Atascosa Ctys. Water Improvement Dist. No. 1*, 665 F.2d 594, 595 (5th Cir. 1982)). Under 28 U.S.C. § 1441(a), this Court has removal jurisdiction of any case where it has original jurisdiction, and it has original jurisdiction in civil matters between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Generally, "jurisdictional facts are determined at the time of removal, and consequently post-removal events do not affect that properly established jurisdiction." *Louisiana v. Am. Nat'l Prop. & Cas. Co.*, 746 F.3d 633, 636 (5th Cir. 2014) (citing *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 569-70 (2004)).[1]

There is, however, an exception to the rule that jurisdictional facts are determined at the time of removal. "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).[2] When faced with a request to add a

---
[1] There is no dispute that diversity jurisdiction existed at the time of removal. In her Complaint, Plaintiff alleges that she is a resident of Mississippi. Defendant FedEx asserts that it is a citizen of Delaware and Tennessee. McCann is a resident of Ohio. Since Plaintiff did not assert a specific amount of damages, the Court may determine the amount in controversy is met if "it is apparent from the face of the petition that the claims are likely to exceed $75,000." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). As Plaintiff has alleged that she has suffered total disability from the car accident affecting her wage earning capacity, that she requires several surgeries from her injuries, and that she has and will continue to experience pain and suffering, the Court may infer that the amount in controversy is greater than $75,000. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *Scirocco v. Ford Motor Co.*, No. 5:13-cv-128-KS-MTP, 2014 WL 5817543, at *1 (S.D. Miss. Nov. 10, 2014).

[2] When a plaintiff attempts to amend her complaint to add a party that will destroy diversity jurisdiction, a simple Rule 15 analysis will not suffice. Rather, the Court must examine her request under 28 U.S.C. § 1447(e) and case law interpreting that statute. *Albritton v. W.S. Badcock Corp.*, No 1:02-cv-378-D-D, 2003 WL 21018636, at *2 (N.D. Miss. Apr. 7, 2003).

non-diverse defendant that would destroy jurisdiction, a district court "should scrutinize that amendment more closely than an ordinary amendment" and apply the factors articulated in *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).

There are two competing interests that guide our analysis: the diverse defendant's interest in maintaining the federal venue and the risk of wasting judicial resources through maintaining parallel federal and state litigation. *Id.* In balancing these interests, the court must consider the four *Hensgens* factors: "(1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in asking for amendment, (3) whether plaintiff will be significantly injured if amendment is not allowed, and (4) any other factors bearing on the equities." *Id.* (enumeration added).[3]

### III. ANALYSIS

**1. Plaintiff's Purpose in Seeking Amendment**

In analyzing Plaintiff's purpose in amending her Complaint, district courts often consider "whether the plaintiff knew or should have known of the identity of the non-diverse defendant when the original complaint was filed." *Sills v. Beal Bank, SSB*, No. 2:15-cv-90-KS-MTP, 2015 WL 5642913, at *2 (S.D. Miss. Sept. 24, 2015); *Anzures v. Prologis Tex. I LLC*, 886 F. Supp. 2d 555, 562 (W.D. Tex. 2012). "Where the plaintiff knew about the non-diverse party's activities at the time he filed suit but did not include that party as an original defendant, 'courts have viewed any later attempt to add the nondiverse party as a defendant as nothing more than an attempt to

---

[3] Plaintiff has cited *Teacher Retirement System of Texas v. Reilly Mortgage Group Inc.*, 154 F.R.D. 156 (W.D. Tex. 1994) for the proposition that when a defendant argues that an indispensable party exists, the Court need only consider potential prejudice to the plaintiff and other factors in equity when deciding whether the remand. This case is inapplicable to the present situation. In *Teacher Retirement*, the defendants argued that dismissal was required because plaintiff failed to join a necessary and indispensable party. *Teacher Ret. Sys. of Tex.*, 154 F.R.D. at 158. The court decided to remand instead of dismiss since the defendants made the argument that the indispensable party existed. *Id.* at 162. Here, Defendants have not argued that McCormick is an indispensable party. Rather, they argue that McCormick is a permissive party. Defs.' Sur-Rebuttal Resp. Pl.'s Mot. Leave Amend Compl. 3, ECF No. 25. Therefore, all four of the *Hensgens* factors apply.

destroy diversity.'" *Wein v. Liberty Lloyds of Tex. Ins. Co.*, No. A-15-cv-19-ss, 2015 WL 1275915, at *5 (W.D. Tex. Mar. 19, 2015).

There is no question that Plaintiff knew McCormick's identity on the date of the accident.[4] Nevertheless, when a plaintiff knows a potential defendant's identity but was unaware of facts giving rise to that defendant's liability, courts have made exceptions. Plaintiff unsuccessfully attempts to align herself with such cases by comparing her situation to that of the plaintiff in *Lowe v. Singh*, No. H-10-1811, 2010 WL 3359525 (S.D. Tex. Aug. 23, 2010). In *Lowe*, Plaintiff alleged that she was a passenger in a car driven by Banfield when it was struck by an 18-wheeler from behind. *Id.* at *1. Plaintiff sued the company that owned the 18-wheeler and the driver. *Id.* Defendants removed based on diversity. *Id.* Plaintiff then moved to join Banfield, based on Defendants' assertion in their answer that Banfied "may have stopped suddenly contributing to the cause of the collision." *Id.* at *2. In analyzing the plaintiff's purpose, the *Lowe* court stated: "Here, though Plaintiff surely knew Banfield's identity as of the time of the accident, Plaintiff alleges that she desires to amend 'because discovery has raised facts supporting the claims raised.'" *Id.* Plaintiff argues that her case is similar to *Lowe* because she "seeks to bring in McCormick due to Defendants [sic] allegations that McCormick was the sole proximate cause of the accident." Reb. Supp. Leave Amend 14, ECF No. 20.

---

[4] Defendants point out that McCormick's name was listed in the Collision Narrative of the Mississippi Uniform Crash Report created shortly after the accident. The Narrative states:
> Driver of Vehicle #1 (Ms. Genora Wilson) stated that while she was traveling north on South Pine Avenue she notice[d] a white vehicle coming toward her on the wrong[ ]side of the street. Ms Wilson stated that as she was attempting to slow down to keep from hitting the vehicle head[ ]on, Vehicle #2 [driven by Meashell McCann] hit her from the back and she lost control of the vehicle. . . . Driver of Vehicle #3 (Ms. Bertha McCormick) stated that she wasn't trying to drive on the wrong[ ]side of the street.

Ex. A to Defs.' Resp. Opp'n Pl.'s Mot. Amend Compl. 2, ECF No. 16-1. Further, the Collision Diagram shows McCormick's vehicle veering into Plaintiff's lane. *Id.* Plaintiff has not contested any of this.

4

Unlike *Lowe*, the Defendants' Answer was not the first time Plaintiff learned she may have had a claim against McCormick since such facts were contained in the accident report created the day of the accident. *Anzures*, 886 F. Supp. 2d at 563 (distinguishing *Lowe* when plaintiff knew of the facts supporting proposed non-diverse defendant's liability since the beginning of litigation and finding the purpose of plaintiff's amendment was to destroy jurisdiction). Nor was there any discovery that raised new facts to support a claim against McCormick that Plaintiff previously did not know. *Andrews Restoration Inc. v. National Freight Inc.*, No. 3:15-cv-1336-M, 2015 WL 4629681, at *4 (N.D. Tex. Aug. 4, 2015) ("Where a plaintiff 'seek[s] to add nondiverse defendant shortly after removal, but prior to any additional discovery, [that] is further indication that the amendment is sought for the purpose of defeating diversity.") (quoting *Martinez v. Holzknecht*, 701 F. Supp. 2d 886, 889 (S.D. Tex. 2010)). Rather, Defendants' assertions in their Answer were based on the accident report that Plaintiff has had for the past two years.

"However, courts have also recognized that when a plaintiff states a valid claim against a defendant, it is unlikely that the *primary* purpose of bringing those defendants into a litigation is to destroy diversity jurisdiction." *Schindler v. Charles Schab & Co., Inc.*, No. Civ.A.05-0082, 2005 WL 1155862, at *3 (E.D. La. May 12, 2005). Plaintiff therefore asserts that the only "real issue" is whether she has stated a viable claim against the proposed defendant. Reb. Supp. Leave Amend 5, ECF No. 20. Plaintiff primarily cites *Andrews Restoration Inc. v. National Freight Inc.* in support of her argument. While the validity of Plaintiff's claim is a relevant inquiry, the *Andrews* court recognized that whether the plaintiff has asserted a plausible claim is not the only consideration. *Andrews Restoration Inc.*, 2015 WL 4629681, at *4 (stating that "if the plaintiff knew of the nondiverse defendant from the outset and chose to exclude him from the original pleading, the court 'views the fact with much suspicion'" and noting that courts have considered

it "very relevant") (quoting *O'Connor v. Auto. Ins. Co. of Hartford Conn.*, 846 F. Supp. 39, 41 (E.D. Tex. 1994)).

Further, district courts in the Fifth Circuit have recognized that a plaintiff's knowing failure to join a non-diverse defendant may trump the fact that she is asserting a cognizable claim. *Anzures*, 886 F. Supp. 2d at 564 ("Plaintiff's clear desire to litigate this case in state court, coupled with the fact that Plaintiff has known of [the non-diverse defendant]'s identity and role in this case since the beginning of the case, all would trump the fact that the Proposed Amended Complaint asserts cognizable claims against [the non-diverse defendant]."); *see Arthur v. Stern*, No. H-07-3742, 2008 WL 2620116, at *4-5 (S.D. Tex. June 26, 2008) (plaintiff, who first filed in state court and included a non-diverse party against which there was no possibility of recovery, found to be acting with the purpose of destroying jurisdiction even though she asserted cognizable claims against newly proposed defendants).

Finally, the Court considers the circumstances that led to Plaintiff's filing the Motion to Amend. Defendants point out: "As shown in her Complaint, Plaintiff believed that Defendant McCann was a resident of the State of Mississippi at the time of filing; therefore, Plaintiff assumed that this case was not removable even if McCormick had not been joined as a party. Only upon learning that McCann is a citizen of Ohio, and thereafter learning that complete diversity exists among the named Defendants, has Plaintiff sought to amend her Complaint to add McCormick." Defs.' Resp. Opp'n Pl.'s Mot. Leave Amend Compl. 5-6, ECF No. 16. The Court finds Plaintiff's assumption that diversity jurisdiction did not initially exist to be relevant in determining Plaintiff's purpose in requesting an amendment. Furthermore, the fact that Plaintiff filed her Motion to Amend within a few hours of her Motion to Remand suggests that the purpose of her amendment was to avoid federal jurisdiction. *Sills*, 2015 WL 5642913, at *2 (plaintiff who filed an amended

complaint minutes before a motion to remand clearly intended to defeat federal jurisdiction) (citing *Parker v. Citimortgage, Inc.*, No 2:14-cv-173-KS-MTP, 2015 WL 2405168 (S.D. Miss. May 20, 2015)); *Albritton*, 2003 WL 21018636, at *2 (amended complaint adding non-diverse party filed on the same day as motion to remand held to be solely to destroy diversity).

Therefore, although Plaintiff does assert a viable claim against McCormick, the Court finds that it is clear that Plaintiff is requesting to add McCormick to destroy this court's jurisdiction, as Plaintiff was fully aware of McCormick's identity and activities giving rise to any liability she has to Plaintiff at the outset of this litigation, Plaintiff filed her Motion to Amend and Motion to Remand within a few hours of each other, and Plaintiff only requested the amendment after she discovered that diversity jurisdiction existed. This factor weighs strongly against allowing amendment.

### 2. Plaintiff's Timeliness in Seeking Amendment

To determine whether Plaintiff was diligent in requesting amendment, courts look at "the amount of time that has passed between the plaintiff's motion to amend and the filing of the original petition and notice of removal." *Anzures*, 886 F. Supp. 2d at 564. A delay of two months after filing the complaint or almost thirty days after removal has been found dilatory, especially when plaintiff was aware of the potential defendant's role when making the original filing. *Id.* at 565; *Phillips v. Delta Air Lines, Inc.*, 192 F. Supp. 2d 727, 729 (E.D. Tex. 2001). A court should also consider how far litigation has progressed, including what has been scheduled and if discovery has taken place. *Id.*

As noted, Plaintiff was aware of McCormick's identity and potential liability at the moment that she filed her Complaint on May 25, 2017. Defendants removed on August 14, 2017. Plaintiff filed her Motion to Amend on September 12, 2017. Thus, Plaintiff allowed three and one-half

months to pass after initiating this action before requesting to add McCormick. Almost thirty days had passed between the filing of the Notice of Removal and the Motion for Leave to Amend the Complaint. Nevertheless, no case management conference has been held, nor has any discovery been conducted. Therefore, the court finds that this factor weighs slightly against allowing amendment.

### 3. Prejudice to Plaintiff

To determine the likelihood that Plaintiff will be prejudiced if amendment is denied, courts consider "whether a plaintiff can be afforded complete relief in the absence of the amendment." *Anzures*, 886 F. Supp. 2d at 565 (quoting *Lowe*, 2010 WL 3359525, at *3). Significant prejudice does not exist unless plaintiff can show (1) that the removing defendants cannot satisfy a judgment or (2) that the plaintiff would be unable to proceed against the non-diverse defendant in state court. *Sills*, 2015 WL 5642913, at *3. Further, the "additional expense of maintaining 'parallel proceedings . . . does not constitute significant prejudice." *Id.* (quoting *Martinez*, 701 F. Supp. 2d at 892).

Here, there is no indication that Defendants, which include a large national corporation, would be unable to satisfy a judgment against them. Further, Plaintiff still has the ability to proceed against McCormick in state court, as the statute of limitations for her claim will not run until July 6, 2018. *Weathersby ex rel. Estate of Weathersby v. Gen. Motors Corp.*, No. 4:04-cv-298-PB, 2006 WL 1487025, at *3 (N.D. Miss. May 24, 2006) (no prejudice found when statute of limitations had not yet run on plaintiff's claim against non-diverse defendant). The fact that Defendants argue that McCormick may be responsible for part or all of Plaintiff's injuries does not require the Court to permit her joinder. *Martinez*, 701 F. Supp. 2d at 891.

At the same time, the Court recognizes that forcing Plaintiff to litigate her claims against McCormick in a separate state court action may lead to inconsistent results and waste the parties' resources. *Schindler*, 2005 WL 1155862, at *5. Therefore, the Court finds that this factor weighs slightly in favor of allowing Plaintiff to amend her complaint.

### 4. Other Relevant Factors

Finally, the Court must give weight to any other factors that bear on the equities. The Court finds that there are no other relevant factors to consider besides those already discussed.

## IV. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Leave to File Amended Complaint [7] is **denied**. Upon balancing the *Hensgen* factors, the Court determines that amendment is not appropriate. As diversity jurisdiction still exists, the Motion to Remand [8] is also **denied**. The Motion for Leave to File Affidavit and Proof of Residency of Bertha McCormick [26] is **denied as moot**.

SO ORDERED AND ADJUDGED, on this, the 26th day of October, 2017.

*/s/ Keith Starrett*
KEITH STARRETT
UNITED STATES DISTRICT JUDGE